IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEREK CISNEROZ, | ) ) ) ) |
| *Petitioner*, | ) ) |
| v. | ) No. 19 C 7563 ) ) Judge Virginia M. Kendall |
| SONJA NICKLAUS[1], Warden, Dixon Correctional Center | ) ) ) |
| *Respondent*. | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

Derek Cisneroz petitions *pro se* for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. 1). In his petition, Cisneroz raises six constitutional claims. Cisneroz contends that: (1) the trial court erred in failing to question jurors regarding their understanding that a defendant was not required to testify on his own behalf and must be proven guilty beyond a reasonable doubt; (2) the trial court erred in refusing his request to waive a trial by jury; (3) he received ineffective assistance of counsel when his trial attorney failed to present evidence demonstrating Cisneroz was not accountable; (4) he received ineffective assistance of counsel when his trial attorney failed to present evidence of self-defense; (5) he is innocent; and (6) he received ineffective assistance of counsel when, during plea negotiations, his trial attorney

---

[1] Because Sonja Nicklaus is now the Acting Warden of Dixon Correctional Center, she automatically substitutes in as the respondent. Fed. R. Civ. P. 25(d).

1

misstated the possible sentence to which Cisneroz could be subjected if convicted. (Dkt. 1 at 5–6, 8). Cisneroz's petition is denied.

## BACKGROUND

Early in the morning of July 16, 2008, after a verbal altercation outside of a bar, Jose Soto fired four shots out of a car driven by Derek Cisneroz. (Dkt. 25-6 ¶¶ 7–9). One of the shots struck and killed Michael Aguayo as he walked across the street. (Dkt. 25-6 ¶ 4). Cisneroz and Soto were charged with and found guilty of first degree murder committed with a firearm. (Dkt. 25-6 ¶¶ 4, 10). Cisneroz was sentenced to thirty-five years in prison: the twenty-year statutory minimum plus a fifteen-year firearm enhancement. (Dkt. 25-6 ¶ 10).

Cisneroz first appealed the trial court's decision in a direct appeal where he argued the trial court erred when it (1) failed to question prospective jurors consistent with Illinois Supreme Court Rule 431(b) during jury selection and (2) denied Cisneroz's request to waive a trial by jury after the State rested its case in chief. (Dkt. 25-1 at 1). The state appellate court affirmed Cisneroz's conviction and sentence. (Dkt. 25-1 at 19). Cisneroz filed a *pro se* PLA in which he raised these same claims which was denied by the Illinois Supreme Court on January 26, 2011. (Dkt. 25-5); *see People v. Cisneroz*, 943 N.E.2d 1102 (Ill. 2011).

With the assistance of counsel, Cisneroz filed a petition for post-conviction relief which was subsequently amended to include the additional claims that (1) Cisneroz was actually innocent and (2) Cisneroz's trial counsel was ineffective because he failed to accurately advise Cisneroz as to sentencing information during

2

plea negotiations or provide enough evidence to support a self-defense claim. (Dkt. 25-6 ¶ 11–12); *see* (Dkt. 25-11 at 58–73, 137–62).

The trial court dismissed Cisneroz's actual innocence claim but held an evidentiary hearing as to his ineffective assistance of counsel claims. Jack Rogdon, Cisneroz's defense attorney at trial, testified that, during plea negotiations with the State, he informed Cisneroz that if found guilty he would serve 100% of a sentence of between twenty and sixty years. (Dkt. 25-6 ¶ 14). Rogdon did not recall whether he informed Cisneroz of the fifteen-year firearm enhancement. (Dkt. 25-6 ¶ 14). Cisneroz ultimately rejected the State's plea deal of fifteen years served at 50% in exchange for a guilty plea and testimony against Soto. (Dkt. 25-11 at 240). Cisneroz asserted that, had he known the court would impose a minimum sentence of thirty-five years, he would have accepted the plea bargain. (Dkt. 25-6 ¶ 15).

The trial court ultimately dismissed Cisneroz's post-conviction petition for relief for failure to demonstrate prejudice on April 7, 2016. (Dkt. 25-11 at 245). Cisneroz appealed and reasserted all claims and the appellate court affirmed the trial court's holdings. (Dkt. 25-6 ¶¶ 20, 30). Cisneroz reasserted in his second PLA his actual innocence and ineffective assistance of counsel claims but the Illinois Supreme Court denied his PLA on September 25, 2019. (Dkt. 25-10 at 2–19, 33).

Cisneroz filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1). In his habeas petition, Cisneroz raises the two due process claims from his first PLA, the actual innocence and ineffective assistance of counsel claims from his second PLA, and two additional claims.

3

## STANDARD OF REVIEW

Title 28 U.S.C. § 2254 governs federal habeas corpus petitions by state prisoners. Federal habeas courts look to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which limits a federal court's ability to overturn state court judgments under § 2254. Following § 2254(d), a federal habeas court will not overturn a state court judgment unless it "resulted in a decision that was contrary to, or involved an unreasonable application of . . . clearly established" Supreme Court precedent. *See Shoop v. Hill*, 139 S. Ct. 504, 506 (2019) (per curiam). To prove that a state court decision was contrary or unreasonable, a state prisoner must show that the decision was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Burt v. Titlow*, 571 U.S. 12, 19–20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). The standard is strongly deferential to state court rulings and "erects a formidable barrier" for state prisoner seeking federal habeas relief. *Id.*

Cisneroz bears the burden of showing that his counsel's representation fell below an objective standard of reasonableness (performance prong) that prejudiced his defense (prejudice prong). *See Strickland v. Washington, 466 U.S. 668 at* 687–88, 693 (1984). In assessing the performance prong, the Court will first ask "whether, in light of all the circumstances, [counsel's] identified acts or omissions were outside the wide range of professionally competent assistance." *Harper v. Brown*, 865 F.3d 857, 860 (7th Cir. 2017) (quoting *Strickland*, 466 U.S. at 690). The prejudice prong directs the Court to assess whether there is "a reasonable probability that, but for counsel's

4

unprofessional errors, the results of the proceeding would have been different." *Id.* at 860–61 (quoting *Strickland*, 466 U.S. at 694). "Judicial scrutiny of counsel's performance must be highly deferential" and there is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689–90.

Thus, when a state prisoner triggers both AEDPA and *Strickland* in his federal habeas appeal, he faces two layers of deference in favor of the state court's judgment. *Lee v. Avila*, 871 F.3d 565, 571 (7th Cir. 2017).

## ANALYSIS

Cisneroz raises six claims in his petition. (Dkt. 1 at 5–6, 8). Claims 1 and 2 allege due process and equal protection violations. (Dkt. 1 at 5). Claims 3, 4, and 6 allege ineffective assistance of counsel. (Dkt. 1 at 6, 8). Claim 5 alleges actual innocence. (Dkt. 1 at 8).

**I.     Procedural Default**

A state prisoner may raise a federal habeas appeal only after he has exhausted his claims through one full review in his state court's appellate system. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Under § 2254(c), "an applicant [state prisoner] shall not be determined to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." In a two-tiered appellate system like Illinois, the state prisoner must exercise his right to direct appeal in the appellate court and to *raise* to a petition for discretionary review of the state supreme court. *O'Sullivan*,

526 U.S. at 845. The state supreme court need not grant the petition for the state prisoner to exhaust his state-court remedies. *Id.* But the state prisoner must have followed the available procedure and given the state supreme court the chance to review his claim. *Id.*

Otherwise, the federal habeas appeal would offend the doctrine of dual sovereignty enjoyed by state and federal courts. *Burt*, 571 U.S. at 19. State courts have the duty and authority to safeguard constitutional rights equal to that of federal courts. *Id.* (citing *Trainor v. Hernandez*, 431 U.S. 434, 443 (1977)). Thus, if a state's lower court conviction violates the constitution, the appellate courts of that state should have the opportunity to correct it. *O'Sullivan*, 526 U.S. 845. It would be "unseemly" for a federal court to intervene before the state appeal process has run its course. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). Thus, the exhaustion requirement forestalls any friction between state and federal courts, preserving their dual sovereignty. *O'Sullivan*, 526 U.S. at 845.

### A. Claim 1

Cisneroz's assertion that the trial court erred by inadequately questioning prospective jurors (Claim 1) is procedurally defaulted because the state court decided it on independent and adequate state grounds. Federal habeas review is foreclosed when a state court resolves a constitutional claim by relying on a state procedural law that is "both independent of the federal question and adequate to support the judgment" without reaching the merits of the claim. *Richardson v. Lemke*, 745 F.3d

6

258, 268 (7th Cir. 2014); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010). A state court decision not to reach the merits of a petitioner's claim for failure to contemporaneously object "rests on independent and adequate state procedural grounds." *Kaczmarek*, 627 at 591.

On direct appeal, the state appellate court held that Cisneroz failed to preserve Claim 1 because his trial attorney did not raise a contemporaneous objection during *voir dire*. (Dkt. 25-1 at 5). The state appellate court engaged in plain-error analysis under Illinois Supreme Court Rule 615(a) and ultimately determined that the trial court's error was harmless and did not deprive Cisneroz of a trial by a fair and impartial jury. (Dkt. 25-1 at 5). The state appellate court's limited review for plain error "does not constitute a decision on the merits." *Kaczmarek*, 627 F.3d at 592.

Claim 1 was decided on independent and adequate state grounds and is foreclosed from federal habeas review.[2]

**B. Claims 3 and 4**

State prisoners must exhaust his remedies in state court by fairly presenting his claims through a full round of state court review in order to raise them in a habeas appeal. *Blackmon v. Williams*, 823 F.3d 1088, 1099 (7th Cir. 2016). Under the two-tiered appellate system in Illinois, Cisneroz must present each claim on a direct appeal or post-conviction petition at the trial court and appellate levels. *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018); *McDowell v. Lemke*, 737 F.3d 476, 483 (7th

---

[2] As Claim 1 is procedurally defaulted on other grounds, it is not necessary to address Respondent's alternative argument that Claim 1 is barred because Cisneroz failed to fairly present it as a federal claim in state court. (Dkt. 24 at 7).

Cir. 2013). Upon being denied relief, Cisneroz must include those claims in a PLA to the Illinois Supreme Court. Any claim not raised in Cisneroz's two PLAs is procedurally defaulted and precluded from federal habeas review on the merits.

Cisneroz raised neither Claim 3 nor Claim 4—that he received ineffective assistance of counsel because his trial attorney did not present evidence he was not accountable and did not present evidence of self-defense—in either of his PLAs. (Dkt. 25-5 at 4; Dkt. 25-10 at 3). Accordingly, Claims 3 and 4 are procedurally defaulted and precluded from federal habeas review on the merits.

### C. Miscarriage-of-Justice Exception

In Claim 5, Cisneroz alleges he is actually innocent. (Dkt. 1 at 8). While a claim of actual innocence cannot alone constitute a substantive federal claim subject to habeas relief, it may in limited circumstances function as a "gateway" to excuse procedural defaults which would otherwise preclude federal habeas review as to other claims for relief. *Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015).

A miscarriage-of-justice exception will only resolve procedurally barred habeas claims when the petitioner shows "in the light of new evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt." *Coleman v. Hardy*, 628 F.3d 314, 319 (7th Cir. 2010) (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)). Cisneroz must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schulp v. Delo*, 513 U.S. 298, 324 (1995). The standard for invoking the procedural "gateway" claim of actual

8

innocence is demanding and permits review only in the extraordinary case and is "rarely successful." *Coleman*, 628 F.3d at 319 (quoting *Schulp*, 513 U.S. at 315–16). Witness testimony offered in support of a habeas petitioner's claim of actual innocence is evaluated in terms of how a jury would react to the testimony in light of the overall, newly supplemented evidence. *Coleman v. Lemke*, 739 F.3d 342, 350–54 (7th Cir. 2014).

In support of his assertion of actual innocence, Cisneroz relies on Soto's affidavit stating that Soto fired at the Tahoe in self-defense and that Cisneroz did not know Soto was going to shoot. (Dkt. 25-11 at 166–67). Cisneroz also offers the affidavit of Kenneth Starr Jr., a former Latin King gang member, who testified that Latin King members "regularly use SUVs or pickup trucks . . . as assault weapons . . . to ram people in other cars." (Dkt. 25-11 at 168–69). Finally, Cisneroz includes news articles supporting Starr's statements about the use of ramming vehicles. (Dkt. 25-11 at 170–75). This evidence is not so convincing such that no reasonable juror would vote to find him guilty beyond a reasonable doubt. Soto's assertions that he shot towards the Tahoe and not towards the victim is obviously self-serving. Moreover, Cisneroz offers no physical evidence or eyewitness testimony to corroborate these claims. The evidence Cisneroz offers of his actual innocence does not meet the demanding standard of reliability necessary for a successful claim. *Coleman*, 628 F.3d at 319.

Cisneroz's is not among the rare cases in which the petitioner's actual innocence excuses procedural bars to his habeas claims. Claims 1, 3, and 4 of

Cisneroz's habeas petition are therefore barred from federal review. Claim 5 is barred from federal review as not cognizable.

## II. Merits

Cisneroz's claims free of procedural default are that his due process and equal protection rights were violated when the trial court denied his request to waive a trial by jury (Claim 2) and that he was denied effective assistance of counsel during plea negotiations (Claim 6). (Dkt. 1 at 5, 8).

### A. Claim 2

After the State rested its case at trial, Cisneroz requested to waive a jury trial. (Dkt. 25-1 at 16). While the State did not object, the trial court denied Cisneroz's request as "its attention had been held in part by courtroom logistics" and was "not paying the same kind of close attention to the evidence that the jury is." (Dkt. 25-1 at 18).

For a state court's holdings to be an "unreasonable application" of clearly established federal law, those holdings must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 575 U.S. 312, 316 (2015). Federal courts disrupt state court decisions "only when there could be no reasonable dispute that they were wrong." *Id.* Cisneroz fails to apply even general standards of Federal law to support his claim that the trial court's denial violated his due process and equal protection rights and, therefore, has not come close to satisfying the high bar set for habeas petitioners. *Id.*; *Marshall v. Rogers*, 596 U.S. 58, 62 (2013).

10

### B. Claim 6

Cisneroz's Claim 6—that his attorney was ineffective during plea negotiations—faces two layers of deference. *Lee*, 871 F.3d at 571. First, Cisneroz must satisfy the ineffective assistance claim standard set forth in *Strickland*. Second, Cisneroz must show that the state court's decision is "contrary to, or involved an unreasonable application of, clearly established Federal law," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The *Strickland* test requires Cisneroz to show both that Rogdon's representation fell below "an objective standard of reasonableness" (the performance prong) and a reasonable probability that, but for Rogdon's "unprofessional errors," the result of the proceeding would have differed (the prejudice prong). *Harper*, 865 F.3d at 860–61; *Strickland*, 466 U.S. at 690, 693–94. Cisneroz's failure to satisfy either the performance or the prejudice prong is fatal. *Felton v. Bartow*, 926 F.3d 451, 463–64 (7th Cir. 2019).

To satisfy the prejudice prong, Cisneroz must show with reasonable probability that, but for Rogdon's errors: (1) he would have accepted the plea; (2) the prosecution would have accepted the plea; and (3) the court would have accepted the bargain's terms. *Lafler v. Cooper*, 566 U.S. 156, 163–64 (2012). Specifically, Cisneroz must establish a reasonable likelihood that he would have accepted the plea deal and

11

testified against Soto had he known that the minimum sentence he could receive if convicted was thirty-five years instead of twenty years.

Although Cisneroz maintains that Rogdon failed to inform him of the mandatory fifteen-year firearm enhancement to his sentence, he concedes that Rogdon told him he would serve 100% of whatever sentence was imposed within the range of twenty to sixty years imprisonment were he convicted. (Dkt. 25-6 ¶ 15; Dkt. 29-1 at 152–53, 164). In exchange for a guilty plea and testifying against Soto, the State offered Cisneroz a fifteen-year sentence served at 50%. (Dkt. 25-11 at 240). Cisneroz knew he could serve fewer than seven years in prison (after credit for time served) if he accepted the bargain but testified that he did not accept the State's plea deal chiefly because he was "not expecting to [be] found guilty at all" and did not consider a five-year differential worth testifying against Soto. (Dkt. 25-6 ¶ 16). Cisneroz insisted upon trial, over Rogdon's recommendation to accept the plea deal, fully aware that he might serve ten times the sentence offered by the state if he lost. (Dkt. 25-6 ¶ 14–16).

Cisneroz failed to establish with reasonable probability that, had Rogdon informed him of the firearm enhancement, he would have accepted the plea deal. Claim 6 does not establish *Strickland* prejudice.

## **CONCLUSION**

The Court dismisses Cisneroz's petition for a writ of habeas corpus as to Counts 1, 3 an 5. Cisneroz procedurally defaulted three claims and therefore the Court does not have jurisdiction to review them. The Court denies the petition as to Counts 2 and 6, because Cisneroz failed to meet his burden on the merits for those two remaining claims.

The Court also declines to issue a certificate of appealability. Cisneroz failed to substantially show the denial of a constitutional right, or that reasonable jurists would debate, much less disagree, with this Court's resolution of Cisneroz's petition. *See* 28 U.S.C. § 2253(c)(2); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

                                                                  _____
                                                                  Virginia M. Kendall
                                                                  United States District Judge

Date: September 22, 2020